UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT I. LOPEZ, et al.,

   Plaintiffs,

 v.              Case No. 17-C-526

FRANK LISKA JR., et al.,

   Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING COMPLAINT**

  Plaintiff Robert Lopez, proceeding *pro se*, filed a civil rights complaint pursuant 42 U.S.C. § 1983 and has requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act ("PLRA"), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1).

  On September 5, 2017, Magistrate Judge Jones ordered Lopez to forward to the Clerk of Court an initial partial filing fee of $13.37. ECF No. 17. The court ordered that this initial partial filing fee be paid by September 26, 2017. *Id*. Lopez failed to pay the filing fee. On October 11, 2017, Magistrate Judge Jones ordered Lopez to either pay the initial partial filing fee or show cause why his action should not be dismissed for failure to pay. ECF No. 19. Additionally, the court ordered Lopez to respond by November 1, 2017, and warned that a failure to respond by that date would result in the dismissal of Lopez's complaint. *Id*. Lopez did not respond.

Based upon the foregoing, on November 16, 2017, Magistrate Judge Jones recommend that the district court dismiss Lopez's complaint[1] for failure to prosecute, failure to comply with court orders, and lack of diligence pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c). The order informed Lopez that he had fourteen days to file an objection to the recommendation. On November 28, 2017, Lopez filed an unsigned objection to Magistrate Judge Jones' report and recommendation. ECF No. 21. However, Lopez's filing does not pertain to his failure to pay his initial partial filing fee. *Id*. Rather, he files over twenty pages of incoherent legal citations pertaining to his amended complaint. *Id*. Lopez still has not paid the partial filing fee and has not offered any explanation as to why he has failed to pay the fee. Accordingly, the case will be disimissed.

Even if Lopez had paid his initial partial filing fee, the result would be the same. The court is required to dismiss any action that is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (requiring the court to screen a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity). From even a cursory review of Lopez's complaint,[2] it is clear that it fails to state a claim.

Lopez's complaint is largely incoherent and consists primarily of random names, legal phrases, and legal citations. ECF No. 10. However, reading it liberally, it appears that Lopez is

---

[1] Because not all parties have had an opportunity to consent to magistrate judge jurisdiction, Magistrate Judge Jones could not dismiss the claims. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017).

[2] Lopez filed an amended complaint on August 2, 2017. ECF No. 10. Therefore, the court is addressing the merits of Lopez's amended complaint.

attempting to challenge his state court conviction. Specifically he appears to be alleging that the police in his state criminal conviction committed misconduct by coaching eye witnesses to falsely identify a suspect.

Lopez cannot challenge his underlying conviction through an action for damages under 42 U.S.C. § 1983. "Challenges to the validity of any confinement . . . are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Stated differently, prisoners may brings claims for unconstitutional things that happen to them via § 1983; however, claims challenging the fact that they are confined, i.e. challenging their underlying conviction, must be brought via a petition for habeas corpus. Furthermore, the United State Supreme Court has explained that if a prisoner's success in their § 1983 claim for money damages would implicitly question the validity of conviction, the prisoner "must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Id*. (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Not only would Lopez's § 1983 claim implicitly question the validity of his conviction that appears to be the entire point of the lawsuit—to challenge his underlying conviction. Therefore, Lopez's claims must be dismissed. Furthermore, the court will not *sua sponte* convert Lopez's case from a § 1983 claim to a habeas action because it appears that Lopez already has an ongoing petition for habeas corpus under 28 U.S.C. § 2254. *Lopez v. Dittmann*, No. 2:17-cv-00528-DEJ (E.D. Wis. Apr. 13, 2017); *see also Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) ("The district court was not authorized to convert a § 1983 action into a § 2254 action . . . . It may be that as a § 1983 suit it is defective, but if so the proper step would have been to dismiss the complaint . . . rather than to "convert" the case to an impossible or inappropriate alternative suit.").

3

**IT IS THEREFORE ORDERED** that the court **ADOPTS** Magistrate Judge Jones' Report and Recommendation (ECF No. 20) to dismiss Lopez's complaint for failure to prosecute, failure to comply with court orders, and lack of diligence.

**IT IS FURTHER ORDERED** that Lopez's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c). *See Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (explaining that a complaint barred by *Heck* is considered legally frivolous).

**IT IS ALSO ORDERED** that plaintiff's outstanding motions, motion for leave to appeal in forma pauperis (ECF No. 2) and plaintiff's motion to appoint counsel (ECF No. 12) are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust fund account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payment to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (explaining that process of collecting a filing fee prescribed in 28 U.S.C. § 1915(b) may be applied when a plaintiff seeks leave to proceed in forma pauperis, regardless whether that leave is ultimately granted).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this  4th  day of December, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.